UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14055-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULIO CEASER LUNA,

    Defendant.
_____/



FILED by _____ D.C.

AUG 19 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 13-1037]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher of Mr. Zacca, his letter of explanation attached thereto as well as the time records and other documentation, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    The CJA Administrator has reviewed the hours and amounts set forth in the CJA Voucher submitted by counsel for the Defendant. While some notations are made, there do not appear to be any mathematical errors in the original computations as the amount being sought by Mr. Zacca is the same as is reflected after the CJA Administrator's review.

    2.    Mr. Zacca seeks reimbursement of 2.3 hours of in-court representation at the variable rate of $110/$126 an hour as reflected in the CJA Voucher, for a total of $261.00. He also seeks reimbursement for 123.90 hours of out-of-court time at the same hourly rate allowed under the statute for a total sum of $14,241.80. There is attached documentation for $1,786.50 in travel expenses as well as copies for medical records in the total amount

of $65.58. This Court sees no required adjustments in the in-court amount of attorney's fees sought nor in the travel expenses and other expenses/costs. Those are all reasonable and necessary and should be awarded in full. However, this Court does have some reservations concerning the out-of-court hours expended and will review those for the District Court herein.

3. The Defendant pled guilty to Counts One through Six inclusive of the Indictment pending against him. There was no written plea agreement, although there was a stipulated factual proffer which the Defendant entered into. This factual proffer was reviewed at the Change of Plea Hearing and filed of record. The six counts which the Defendant pled guilty to charge conspiracy to manufacture, distribute and possess with intent to manufacture and distribute fifty (50) grams or more of methamphetamine; conspiracy to possess within intent to distribute five (5) grams or more of methamphetamine; conspiracy to possess with intent to distribute five (5) grams or more of methamphetamine; possession with intent to distribute five (5) grams or more of methamphetamine; possession with intent to distribute five (5) grams or more of methamphetamine; and possession with intent to distribute fifty (50) grams or more of methamphetamine.

4. The Indictment in this case was returned on October 24, 2013. The Defendant's initial appearance before this Court was on October 30, 2013. Mr. Zacca as CJA counsel was appointed on November 6, 2013. This Court conducted the arraignment and pretrial detention hearing on November 8, 2013.

5. The court record reflects the first discovery response from the government to the Defendant was November 22, 2013. This Court conducted a change of plea hearing

at which time the Defendant pled guilty to the six count Indictment. This Court conducted the change of plea hearing on January 8, 2014 and issued its Report and Recommendation to the District Court in that regard. The District Court adopted the Court's Report and Recommendation on January 30, 2014. Thereafter, there was a motion by the Defendant to continue the sentencing which was granted. The sentencing was held on May 20, 2014. The court record reflects the Defendant's sentencing memorandum and Defendant's motion for downward departure. After sentencing the Defendant filed a Notice of Appeal. These are the sum and substance of the court appearances and pertinent entries in respect to the Defendant's case.

6. This Court has reviewed the CJA Voucher submitted by Mr. Zacca as well as the attached time records and his letter of explanation. His letter summarizes his reasons for requesting attorney's fees in excess of the $9,800.00 cap established by statute. Mr. Zacca argues that the case was "extended" and "complex" for the following reasons:

- a. Thirty compact discs of discovery with videos, photos, and surveillance as well as documents which he had to review with the Defendant at the jail and involved discussion of trial strategy.

- b. After deciding to plead guilty, there was a debriefing process which Mr. Zacca states required two full days at the DEA offices.

- c. Mr. Zacca argues that there was a considerable amount of time preparing for sentencing requiring several visits with the Defendant at the jail.

- d. In summary, Mr. Zacca argues that the volume of discovery, the large sentencing exposure that the Defendant faced under the guidelines, complications in debriefing the Defendant with the government and his skill/judgment as being beneficial to the Court are sufficient reasons for exceeding the statutory cap.

3

7. This Court is familiar with this case from its beginning since all pretrial proceedings, including the Defendant's change of plea, were conducted before this Court. The case was resolved by a change of plea approximately two months after Mr. Zacca was appointed. The Defendant pled guilty to all six counts in the Indictment as charged.

8. This is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Additionally, it is not necessary for this Court to conduct an evidentiary hearing since this Court conducted all of the pretrial proceedings including the Defendant's change of plea hearing as referenced herein.

9. The attorney's fees sought by Mr. Zacca exceed the statutory cap of $9,800.00 as adjusted in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether there is sufficient justification to waive or exceed that statutory cap. Therefore, this Court must determine if the matter was "extended" or "complex" as defined in the statute and the applicable case law.

10. Mr. Zacca's explanation is understandable. There apparently was a great deal of discovery to be done in this case as well as debriefing so that the Defendant could obtain as much benefit as possible at the time of sentencing. This is not unusual. In the vast majority of cases that this Court sees, there is extensive pre-sentence and even post-sentence debriefings by the government to enable a particular defendant to obtain the best possible result at sentencing or even in post-sentencing motions which a defendant and the government may join. This Court does not doubt the amount of time and expertise utilized by Mr. Zacca in these debriefing sessions nor in his review of the discovery with his client. However, if this Court exceeded the statutory cap in every case in which there was

extensive debriefing or extensive review of discovery, this Court would quickly exhaust Criminal Justice Act funds which are absolutely necessary for future cases in which indigent defendants must be represented.

11. There were no extensive evidentiary hearings in this case. This is borne out by Mr. Zacca's own time records. There was a minimal amount of in-court time spent in this case. The vast majority of time being sought to be reimbursed was out-of-court time as Mr. Zacca explains in his correspondence attached to the voucher submission. Mr. Zacca is a very competent criminal defense attorney who regularly appears representing individuals in this Division of the Court.

12. This Court is guided by the definitions previously established concerning what is determined to be "extended" and "complex" in regards to analysis of Criminal Justice Act attorney's fees vouchers. An "extended" case is one requiring more time than normal under similar facts and circumstances. A "complex" case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than a normal case. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

13. While this Court understands and accepts Mr. Zacca's explanation as to the out-of-court time necessary to competently represent his client in this case, this Court cannot in good faith find the case to be either "extended" or "complex." This case proceeded in a normal fashion. There were no extensive hearings nor evidentiary issues which required decision by the Court. The case was resolved fairly quickly by way of a guilty plea to the six count Indictment as charged. As mentioned previously, many cases involve pre-sentence and/or post-sentence debriefings so that a defendant may receive

extensive debriefing or extensive review of discovery, this Court would quickly exhaust Criminal Justice Act funds which are absolutely necessary for future cases in which indigent defendants must be represented.

11. There were no extensive evidentiary hearings in this case. This is borne out by Mr. Zacca's own time records. There was a minimal amount of in-court time spent in this case. The vast majority of time being sought to be reimbursed was out-of-court time as Mr. Zacca explains in his correspondence attached to the voucher submission. Mr. Zacca is a very competent criminal defense attorney who regularly appears representing individuals in this Division of the Court.

12. This Court is guided by the definitions previously established concerning what is determined to be "extended" and "complex" in regards to analysis of Criminal Justice Act attorney's fees vouchers. An "extended" case is one requiring more time than normal under similar facts and circumstances. A "complex" case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than a normal case. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

13. While this Court understands and accepts Mr. Zacca's explanation as to the out-of-court time necessary to competently represent his client in this case, this Court cannot in good faith find the case to be either "extended" or "complex." This case proceeded in a normal fashion. There were no extensive hearings nor evidentiary issues which required decision by the Court. The case was resolved fairly quickly by way of a guilty plea to the six count Indictment as charged. As mentioned previously, many cases involve pre-sentence and/or post-sentence debriefings so that a defendant may receive

the best possible result at sentencing or in post-sentencing motions. This Court cannot find that activity to be unusual in nature so as to classify this matter as being extended or complex under the statutory guidelines this Court must follow. Likewise, while there was extensive discovery in this case, that in and of itself does not justify exceeding the statutory cap.

14. This Court appreciates the services which were provided by Mr. Zacca. This Court has reiterated on many occasions, that due to the limited amount of funds which Congress has provided for payment of indigent attorney's fees, that all courts must perform a gatekeeping function to balance the entitlement of a defendant to competent representation and the ability of court appointed counsel to be fully compensated. This is done with the understanding and realization that there are limited CJA funds available in this District and nationwide for payment of such services. Congress has seen fit to reduce the amount of funds for such defender services nationwide over the past several years. This includes funds for the Federal Public Defender and available funds for payment of CJA counsel such as Mr. Zacca. This Court must make certain that defense counsel is adequately compensated, even if it is not full compensation. Further, this Court must make certain that such amounts exceeding the statutory cap as requested herein are not paid unless there is sufficient justification under the applicable case law and statutory framework which governs the Court's review of such matters. If this Court, and other courts, did not provide this gatekeeper function, the impact on the availability of CJA funds to indigent defendants in the future would be much more severe than it is already under the present budgetary constraints.

15. In reducing the amount sought by Mr. Zacca to the statutory cap of $9,800.00 plus travel expenses and costs, this Court is not calling into question in any way the tasks performed nor the time devoted to those tasks by Mr. Zacca. Rather, this Court is simply performing its function to make a determination that under the statutory framework and definitions which this Court must follow, that the case does not meet the statutory definitions of being "extended" nor "complex." Hopefully, this will make certain that in the future there will be funds available for other indigent defendants who have not yet been arrested or charged. In other words, courts cannot deplete all of the defender services as we go along and then try to figure out a way to compensate counsel for those other indigent defendants in the future who will also need court appointed counsel and representation.

16. As a result of the foregoing, Mr. Zacca's recovery of attorney's fees is limited to the statutory cap of $9,800.00 plus travel expenses in the amount of $1,786.50 and costs of $65.58. This brings the total amount of compensation due Mr. Zacca to be $11,652.08.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 13-1037 be **GRANTED** insofar as Mr. Zacca be awarded the statutory maximum of $9,800.00 as reasonable attorney's fees together with travel expenses in the amount of $1,786.50 and costs in the amount of $65.58, for a total sum of $11,652.08.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's

right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this ___19th___ day of August, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

                      FRANK J. LYNCH, JR.
                      UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Deric Zacca, Esquire
Lucy Lara, CJA Administrator